UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re                                          )
                                               )
CORDIA COMMUNICATIONS CORP.,                   )    Case No.  6:11-bk-06493-KSJ
et al.,                                        )    Chapter 11
                                               )    Jointly Administered with
            Debtors.                           )    6:11-bk-06494-KSJ
                                               )    6:11-bk-06495-KSJ
_____           )    6:11-bk-06496-KSJ
                                                    6:11-bk-06497-KSJ
THERMO CREDIT, LLC,                            )
                                               )
            Plaintiff,                         )    Adversary No. 6:11-ap-00107
                                               )
vs.                                            )
                                               )
CORDIA COMMUNICATIONS CORP.,                   )
et al.,                                        )
                                               )
            Defendants.                        )
                                               )
_____

**MEMORANDUM OPINION DENYING MOTION FOR
<u>RECONSIDERATION OF DISMISSAL OF COUNTS I-III WITH PREJUDICE</u>**

The Court dismissed plaintiff Thermo Credit, LLC's Complaint, in its entirety, on December 15, 2011.[1] Counts I-III of the Complaint, seeking substantive consolidation of the debtors with each other and the debtors with non-debtor entities, were dismissed with prejudice. Counts IV-VIII were dismissed without prejudice, and plaintiff was given through January 25, 2012, to file an amended complaint.  Thermo Credit LLC ("Thermo") seeks reconsideration of

---

[1] Doc. No. 47.

the dismissal with prejudice of Counts I-III and seeks leave to amend its complaint to replead these causes of action.[2]

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."[3] A plaintiff need not be given leave to amend a deficient complaint where amendment would be futile.[4]

Thermo argues reconsideration is merited because non-debtors Cordia Corp. and Cordia Prepaid Corp. did not answer the complaint, and the clerk entered defaults against them. Thermo does not make any argument that it satisfies any Fed. R. Civ. P. 60 standard for reconsideration. Moreover, because Thermo has not pleaded and, as a matter of law, cannot plead the requisite facts to support substantive consolidation, and because neither the Bankruptcy Code[5] nor any other legal authority allows for substantive consolidation of non-debtor entities with bankrupt parties, amendment to replead these claims would be futile. The Court denies Thermo's motion for reconsideration.

Background

Plaintiff Thermo is a provider of financing services to the telecommunications industry. Defendants are five debtors—Cordia Communications Corp. (CCC); Cordia Communications Corp. of VA (CCCVA); My Tel Co., Inc. (My Tel); Midwest Marketing Group, Inc. (MMG);

---

[2] Doc. No. 50. Federal Rule of Bankruptcy Procedure 9024 makes the standard for reconsideration in Federal Rule of Civil Procedure 60 applicable to this case. Pursuant to Rule 60, clerical mistakes in a judgment or order can be corrected. Relief from a judgment or order may also be granted for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).
[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569, 127 S. Ct. 1955, 1974 (2007).
[4] *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).
[5] All references to the Bankruptcy Code refer to 11 U.S.C. §101 *et seq.*

and Northstar Telecom, Inc. (NST)—and two non-debtors—Cordia Corp. and Cordia Prepaid Corp. (collectively, "Non-Debtors").  Cordia Corp. is the publicly-owned parent corporation of all other defendants.  Defendants are in the business of providing various telecommunications services.

Thermo and non-debtor Cordia Corp. entered into a Factoring and Security Agreement (the "FSA") under which Cordia Corp. purportedly sold receivables generated by CCC, My Tel, and NST to Thermo.  CCC, My Tel, and NST did not sign the FSA.  Thermo alleges the FSA was breached by defendants.  In dispute is whether Cordia Corp. owned the receivables it purported to sell; whether the receivables were conveyed by the FSA; and whether Thermo now owns those receivables or has a security interest in them.

Thermo entered into a second Factoring and Security Agreement with non-debtor Cordia Prepaid Corp. (the "Prepaid FSA") under which Cordia Prepaid Corp. purportedly sold receivables generated by CCC, My Tel, and NST to Thermo.  CCC, My Tel, and NST did not sign the Prepaid FSA.  Thermo makes breach of contract allegations about the Prepaid FSA similar to those it makes about the FSA.

Thermo alleges debtors and Non-Debtors alike should be responsible for Thermo's damages resulting from defendants' breaches of the FSA and Prepaid FSA.

<u>Count I: Substantive Consolidation of Debtors</u>

Count I seeks to substantively consolidate the five debtor entities.  Substantive consolidation of multiple debtors is not a new or novel concept.[6]  A bankruptcy court's power to substantively consolidate related bankruptcy cases stems from its equitable powers and is a

---

[6] *In re S & G Financial Services of South Florida*, 451 B.R. 573 (Bankr. S.D. Fla. 2011) (citing *In re MMH Automotive Grp.,* 400 B.R. 885 (Bankr. S.D. Fla. 2008)) (Chapter 7 estates substantively consolidated); *Feltman v. Warmus* (*In re American Way Serv. Corp.*)*,* 229 B.R. 496 (Bankr. S.D. Fla. 1999) (estates of debtor corporation and debtor subsidiary were substantively consolidated); *In re Vecco Constr. Indus.,* 4 B.R. 407 (Bankr. E.D. Va. 1980) (substantive consolidation of debtor and four debtor subsidiaries)).

remedy unique to bankruptcy.[7] Consolidation "involves the pooling of the assets and liabilities of two or more related entities; the liabilities of the entities involved are then satisfied from the common pool of assets created by consolidation."[8] Substantively consolidating debtors' estates simplifies the administration of interrelated bankruptcies by eliminating inter-company claims between related debtors and amalgamating duplicative claims "filed against related debtors by creditors uncertain as to where the liability should be allocated."[9]

A proponent of substantive consolidation is required to show "that (1) there is substantial identity between the entities to be consolidated; and (2) consolidation is necessary to avoid some harm or to realize some benefit."[10] Once this prima facie showing is made, the burden shifts to an objecting party that it will be prejudiced by the consolidation.[11]

Thermo has not pleaded and cannot plead facts to support a prima facie case for substantive consolidation. The first requirement, that there is substantial identity between the entities to be consolidated, is implausible given the allegations of the Complaint itself. The Complaint pleads facts and attaches documents that demonstrate the debtors were separate entities; they did not share a single corporate identity. The Complaint alleges no facts tending to demonstrate the defendants disregarded the corporate formalities or commingled assets.

All debtor defendants and non-debtor Cordia Prepaid Corp. are subsidiaries of the publicly-held parent Cordia Corp. The documents attached to the Complaint demonstrate defendants shared some officers and directors; but the corporations maintained separate customers, were licensed in different states, and maintained separate accounts receivable. The FSA (Exhibit D to the Complaint) treats the debtors CCC, My Tel, and NST separately;

---

[7] *In re Murray Industries, Inc.,* 119 B.R. 820, 829–30 (Bankr. M.D. Fla. 1990).
[8] *Eastgroup Properties v. Southern Motel Assoc., Ltd.,* 935 F.2d 245, 248 (11th Cir. 1991).
[9] *In re DRW Properties, Co*., 54 B.R. 489, 494 (N. D. Tex. 1985). *See also In re Bonham*, 229 F.3d 750, 764 (9th Cir. 2000).
[10] *Eastgroup*, 935 F.3d at 249.
[11] *Id.* at 249–50.

Schedule 2 identifies governmental authority license numbers issued to these entities individually. The UCC-1 financing statements attached to the Complaint as Exhibit E were filed by Thermo identifying debtors My Tel, NST, and non-debtor Cordia Corp.'s[12] receivables as separate properties securing the monies advanced by Thermo. The Lockbox Agreement and its Addendum (Exhibit F to the Complaint) created three Lockbox Accounts to hold receivables of CCC, NST, and My Tel separately. The Due Diligence Report and Valuation dated August 2007 (Exhibit C to the Complaint), on which Thermo claims to have relied, provides aging of receivables due debtors CCC, NST, and My Tel separately and a breakdown of customer accounts by entity.

Furthermore, Thermo did not plead any facts that would demonstrate the second requirement: the necessity for substantive consolidation to avoid harm or provide benefit to the bankruptcy estate or the creditors as a whole. Thermo pleaded only benefit to itself.[13] The allegations of improper transfers by debtors to related international entities are not relevant to this inquiry. Substantive consolidation is not necessary to reach those alleged transfers.

Counts II and III: Substantive Consolidation of
<u>Debtors with Non-Debtors Cordia Corp. and Cordia Prepaid Corp.</u>

Counts II and III of the Complaint seek substantive consolidation of all debtors with Non-Debtors Cordia Corp. (the publicly held parent corporation) and Cordia Prepaid Corp. These counts are legally deficient for the same reasons identified above with respect to Count I. And, there is an additional reason these counts must be dismissed with prejudice: this Court is not authorized to provide the remedy Counts II and III seek.

---

[12] It is unclear whether this UCC-1 financing statement was intended to register a security interest in CCC's receivables, receivables to which the FSA relates.

[13] See Doc. No. 1, ¶ 94 ("Substantive consolidation of the Debtors' Bankruptcy Estates is necessary to avoid substantial harm to Thermo and to enable Thermo to realize the benefit of its bargain with the Defendants for the Thermo Receivables.").

There is a split of authority as to whether a bankruptcy court has the authority to substantively consolidate non-debtors' assets and liabilities into a bankrupt debtor's estate.[14] Some courts have granted motions to substantively consolidate debtors with non-debtors relying on § 105 of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provision of this title,"[15] to assert personal and subject matter jurisdiction over non-debtors,[16] and to "ensure the equitable treatment of all creditors."[17]

Other courts reject the legal conclusion that § 105 grants bankruptcy courts the authority to substantively consolidate non-debtors, or, in other words, force entities to join the bankruptcy case whether they agree or not. These courts conclude that substantive consolidation is purely a bankruptcy remedy and does not extend to the assets and affairs of a non-debtor.[18] For the following reasons, this Court agrees and declines to substantively consolidate the Non-Debtors.

First, §105 gives bankruptcy courts the power to do what is necessary or appropriate only to accomplish the goals of the Bankruptcy Code. The section does not give bankruptcy courts unfettered power. Bankruptcy courts cannot and should not drag unwilling entities that never chose to file bankruptcy into a bankruptcy forum simply because it is expedient and will help one party or another.

---

[14] *See In re S & G*, 451 B.R. 573.
[15] 11 U.S.C. § 105(a).
[16] *In re Munford*, 115 B.R. at 397.
[17] *Id*. at 395 n.1 (citing *In re Flora Mir Candy Corp.*, 432 F.2d 1060, 1062 (2d Cir. 1970)). See cases involving consolidation of debtors with non-debtors: *In re Bonham*, 229 F.3d 750, 765 (9th Cir. 2000) (citing *In re Creditors Serv. Corp.,* 195 B.R. 680 (Bankr. S.D. Ohio 1996); *Matter of New Center Hospital,* 187 B.R. 560 (E.D. Mich. 1995); *In re Munford, Inc.,* 115 B.R. 390 (Bankr. N.D. Ga. 1990); *In re Tureaud,* 45 B.R. 658 (Bankr. N.D. Okla. 1985), *aff'd,* 59 B.R. 973 (1986); *In re Crabtree,* 39 B.R. 718 (Bankr. E.D. Tenn. 1984); *In re Bolze*, 2009 WL 2232802 (Bankr. E.D. Tenn. July 23, 2009) (failing to draw a distinction between sub con and piercing the corporate veil); *In re Augie/Restivo Banking Co., Ltd.,* 860 F.2d 515 (2nd Cir. 1988); *Drabkin v. Midland-Ross Corp.* (*In re Auto-Train Corp.*), 810 F.2d 270, 276 (D.C. Cir. 1987)).
[18] See cases declining to substantively consolidate debtors and non-debtors: *In re Circle Land and Cattle Corp.,* 213 B.R. 870, 877–78 (Bankr. D. Kan. 1997) (citing *In re Alpha & Omega Realty, Inc.,* 36 B.R. 416 (Bankr. D. Idaho 1984); *In re DRW Property Co.* 82, 54 B.R. 489 (Bankr. N.D. Tex. 1985); *In re R.H.N. Realty Corp.,* 84 B.R. 356 (Bankr. S.D.N.Y. 1988); *In re Julien Co.,* 120 B.R. 930 (Bankr. W.D. Tenn. 1990); *In re Lease–A–Fleet,* 141 B.R. 869 (Bankr. E.D. Pa. 1992); *In re Ira S. Davis, Inc.,* 1993 WL 384501 (E.D. Pa. September 22, 1993); *In re Hamilton,* 186 B.R. 991 (Bankr. D. Colo. 1995)). These decisions question whether bankruptcy courts have subject matter jurisdiction over non-debtor corporations for purposes of substantive consolidation on the basis that it is contrary to the Bankruptcy Code and its limitations for involuntary bankruptcy petitions under § 303.

Second, allowing substantive consolidation of non-debtors under § 105(a) circumvents the stringent procedures and protections relating to involuntary bankruptcy cases imposed by § 303 of the Bankruptcy Code.  Section 303 authorizes an involuntary petition of an entity, provided specific rules are followed to protect the putative debtor.[19]  For example, a minimum claim amount is required to even initiate an involuntary proceeding.[20]  If the movant clears this first hurdle, and the number of claimholders is significant, the movant must obtain a consensus of at least three other claimholders to ensure the action is supported and justified.[21]  The stakes of hastily forcing a party into involuntary bankruptcy are high because if the protective requirements of § 303 are not met, a court can hold all petitioning creditors liable for costs, attorneys' fees, and damages.[22]  Given the significant protections § 303 provides to debtors facing involuntary bankruptcy and the lack of commensurate protections from substantive consolidation, "forcing a non-debtor into bankruptcy via substantive consolidation circumvents these strict requirements [of § 303] and is in contravention of [the Code]."[23]  Section 105 of the Bankruptcy Code only allows a bankruptcy court to take actions "necessary or appropriate" to achieve a stated statutory goal.  The section certainly does not and should not allow a bankruptcy court to circumvent statutory protections built into the Code.

Third, state law provides remedies for parties who can establish that a non-debtor entity truly is an "alter ego"[24] of a voluntary debtor.  Courts generally uphold the corporate form to maintain its limited liability purpose because "[e]very corporation is organized as a business organization to create a legal entity that can do business in its own right and on its own credit as

---

[19] 11 U.S.C. § 303.
[20] 11 U.S.C. § 303(b).
[21] 11 U.S.C. § 303(b) requires the consensus of at least three claimants. See *In re Ira S. Davis*, 1993 WL 384501, *7 (E.D. Pa. September 22, 1993); *In re Lease-A-Fleet, Inc.,* 141 B.R. at 873.
[22] 11 U.S.C. § 303(i); *In re Ira S. Davis*, 1993 WL 384501, *7 (E.D. Pa. September 22, 1993).
[23] *In re Ira S. Davis*, 1993 WL 384501 at *7. *See also In re Lease a Fleet*, 141 BR 869, 873 (Bankr. E.D. Pa. 1992).
[24] *In re Hillsborough Holdings Corp.*, 166 B.R. 461 (Bankr. M.D. Fla. 1994).

distinguished from the credit and assets of its individual stockholders."[25] But, when corporate separateness is improperly disregarded such that a corporation and its subsidiary act as "mere instrumentalities" of each other, litigants may pierce the veil of a corporation's limited liability and hold a corporation's owners responsible for its debts.[26] In essence, by piercing the corporate veil, the party proves that the two entities legally are the same, not two different entities. Therefore, they are not really debtor and non-debtor, but one.

To pierce the corporate veil under Florida law, the claimant has the heavy burden to prove, by a preponderance of the evidence, that:

> (1) the shareholder dominated and controlled the corporation to such an extent that the [corporation's] independent existence, was in fact non-existent and the . . . shareholders were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant.[27]

Florida's high regard for corporate ownership requires a showing that the corporation was specifically organized or used to mislead creditors or to perpetrate fraud before a party can pierce a corporation's veil.[28] Absent such a showing, "every judgment against a corporation could be exploited as a vehicle for harassing the stockholders and entering upon fishing expeditions into their personal business and assets."[29] Even though this proves to be a high bar, Florida's alter ego remedy is an alternative to substantive consolidation that protects a non-debtor's corporate identity without usurping the protections of the Bankruptcy Code.

Therefore, this Court concludes any request to substantively consolidate non-debtors must fail under § 105(a) of the Bankruptcy Code because it is not an act that is "necessary or

---

[25] *Dania Jai–Alai Palace, Inc. v. Sykes,* 450 So.2d 1114, 1120 (Fla. 1984)). *See also Anderson v. Abbott*, 321 U.S. 349, 362 (1944).
[26] *Molinos Valle de Cibao*, 633 F.3d 1330 (11th Cir. 2011) (citing the seminal veil piercing case of *Dania Jai–Alai Palace, Inc. v. Sykes,* 450 So.2d 1114 (Fla. 1984)).
[27] *In re Hillsborough Holdings Corp.,* 166 B.R. 461 (Bankr. M.D. Fla. 1994) (citing *Dania Jai–Alai Palace, Inc. v. Sykes,* 450 So.2d 1114 (Fla. 1984); *Mobil Oil Corp. v. Linear Films, Inc.,* 718 F. Supp. 260 (D. Del.1989)).
[28] *Dania Jai–Alai Palace, Inc. v. Sykes,* 450 So.2d 1114, 1120 (Fla. 1984)).
[29] *Id.* (citing *Advertects, Inc., v. Sawyer Industries, Inc.,* 84 So.2d 21, 24 (Fla. 1955)).

appropriate" to carry out any legitimate bankruptcy purpose.  Rather, parties have other tools, though they are tools accompanied by stringent and befitting procedural and proof requirements, to recover from non-debtor entities.  Parties can file involuntary bankruptcy petitions if they can meet all the requirements of § 303 of the Bankruptcy Code.  Alternatively, they can rely on state law and the legal theories of alter ego and piercing the corporate veil.  But, they cannot rely on the shortcut of § 105 to substantively consolidate non-debtors.[30]

Thermo's motion for reconsideration of the Court's order dismissing Counts I-III with prejudice is denied.  A separate order consistent with this memorandum opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, on February 2, 2012.

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

Copies provided to:

Counsel for Plaintiff:  Elizabeth A. Green and Tiffany D. Payne, Baker & Hostetler LLP, 200 S Orange Avenue, Suite 2300, Orlando, FL  32801

Counsel for Defendants:  Jason Z. Jones, Jeffrey I. Snyder, and Scott L. Baena, Bilzin Sumberg Baena Price & Axelrod LLP, 1450 Brickell Avenue, Suite 2300, Miami, FL  33131

Pro Se Defendant:  Cordia Corporation, 13275 W. Colonial Drive, Winter Garden, FL  34787

Pro Se Defendant:  Cordia Prepaid Corp, 5301 NW 35th Terrace, Ft Lauderdale, FL  33309-6328

---

[30] *In re Owens Corning*, 419 F.3d 195, 211 (3d Cir. 2005).